IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHNATHAN KELLEY,

    Plaintiff,

v.                                              Case No. 4:15-cv-3123

AMSPEC SERVICES, LLC,

    Defendant.
_____/

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, JOHNATHAN KELLEY, through his undersigned counsel, sues the Defendant, AMSPEC SERVICES, LLC, for overtime wage compensation and associated relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 207(a), 216(b) ("FLSA"), and in support thereof states the following:

1. This Court has federal question jurisdiction under 28 U.S.C. § 1331 since the claims in this Complaint arise under federal law, *i.e.*, the FLSA and its private right of action conferred in 29 U.S.C. § 216(b).

2. Plaintiff, JOHNATHAN KELLEY is an individual residing in Houston, Texas, who was employed by Defendant from February of 2011 through August of 2015 as an inspector. His job duties included inspection of gas and oil facilities at work sites in the greater Houston area.

3. Defendant is an enterprise engaged in interstate commerce, maintaining and operating a company named AMSPEC SERVICES, LLC specializing in, among other things, inspection of gas and oil facilities throughout the Houston area.

4. Defendants have over two employees engaged in interstate commerce and they do a business volume of over $500,000 gross annually.

5. Venue is appropriate in the Southern District of Texas because Plaintiff worked almost entirely in the Houston area, in this District. He worked more than 40 hours per week in this district and received pay in this district that did not compensate him for his overtime work in accordance with the FLSA. *See* 28 U.S.C. § 1391(b)(2), (d).

6. Throughout his employment with Defendant, Plaintiff worked well over forty hours each week ("overtime hours"). He customarily worked over 75-80 hours a week.

7. Defendant intentionally and willfully failed to pay Plaintiff one and one-half times his regular rate of pay for the overtime hours worked.

8. Defendant purportedly was paying Plaintiff pursuant to the "Fluctuating Workweek" method of payment authorized pursuant to 29 CFR 778.114. However, Defendant actually utilized a scheme designed to circumvent the payment of overtime to the Plaintiff by paying Plaintiff alternative payments for "travel expenses" and other monies via prepaid Visa cards, which were not calculated into the overtime paid to the Plaintiff.

9. The acts described in the preceding paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

10. Defendants willfully denied Plaintiff's right to overtime compensation under the FLSA, well aware of the hours that Plaintiff worked and yet continuously and recklessly refusing to pay overtime compensation for the overtime work Plaintiff did for Defendants.

11. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime that was not paid and that should have been paid. See 29 U.S.C. §§ 207, 216(b).

12. Plaintiff further seeks liquidated damages as a result of Defendants' willful failure and refusal to pay overtime compensation. See 29 U.S.C. §§ 207, 216(b).

13. Plaintiff also seeks compensation for the out-of-pocket expenses and court costs incurred in the present action, as well as reasonable and necessary attorney's fees. See 29 U.S.C. §§ 207, 216(b).

14. Plaintiff retained the law firm of the Ross Law Group, to represent Plaintiff in this action and has agreed to pay said firm a reasonable attorney fee for its services. Plaintiff has

entered into a valid contract with Ross Law Group and has appointed the undersigned counsel to be Plaintiff's sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff/Plaintiffs. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with an representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney fees that Plaintiff is entitled to collect against Defendants under 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

A)   The Court assume jurisdiction of this cause and that Defendants be cited to appear;

B) The Court award damages to Plaintiff described above with Defendants being held jointly and severally liable;

C) The Court award Plaintiff reasonable and necessary attorney's fees and costs;

D) The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

*s/ Charles L. Scalise*
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
**ROSS LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com
**Attorney for Plaintiff**